Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RICARDO R. HATTON RENTAL<br><br>Recurrido<br><br>v.<br><br>CARLOS R. NEGRÓN AVILÉS, ARI KRESCH<br><br>Peticionarios | KLCE202400378 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV04070 (Salón 801)<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparecen Carlos Negrón Avilés y Ari Kresh (peticionarios) y solicitan la revocación de la *Resolución*, emitida y notificada el 7 de marzo de 2024 por el Tribunal de Primera Instancia, Sala de Caguas. Mediante la referida *Resolución,* el foro primario denegó la *Moción de Reconsideración y Solicitud de Vista Evidenciaria* presentada por los peticionarios sobre la *Orden post Sentencia* emitida el 22 de febrero de 2024, que ordenó a los peticionarios cumplir con la sentencia dictada el 22 de junio de 2023, sobre la ejecución del derecho preferente de adquisición de las acciones de Horizon Tower, sin haber hecho una determinación del valor de dichas acciones. Por los fundamentos que pasamos a exponer, expedimos el auto de *Certiorari* y revocamos la Resolución recurrida.

Número Identificador

RES2024 _____

El 9 de diciembre de 2022, Ricardo Hatton Rentas (señor Hatton Rentas o el recurrido) presentó Demanda en contra de los peticionarios en la que solicitó que se ordenara la ejecución a su favor del derecho preferente de adquisición de las acciones de Horizon Tower, a base de su valor en los libros, de conformidad con el Acuerdo de o de Empresa Común y Derecho Preferente de Participación. Tras varios incidentes procesales, el 15 de junio de 2023, los peticionarios presentaron *Moción Para Que se Dicte Sentencia & Solicitud de Vista,* en la que solicitaron al TPI la celebración de una vista con el fin de que las partes pudieran establecer el valor en libros de las acciones y que luego procediera a dictar Sentencia concediendo el remedio solicitado por el recurrido.[1] De igual forma, el 22 de junio de 2023, el recurrido presentó *Moción en Cumplimiento de Orden* ante el foro primario, en la que solicitó un plazo para hacer un análisis de valoración y solicitó, además, una vista para atender los reclamos que surjan del análisis de valoración de las referidas acciones.[2]

Sin embargo, mediante Sentencia emitida el 22 de junio de 2023, notificada al día siguiente, el Tribunal recurrido dictó sentencia en la que ordenó la ejecución del derecho preferente de adquisición de las acciones de Horizon Tower por parte del recurrido a base del valor en los libros de dicha empresa, de conformidad con el Acuerdo de Empresa Común y Derecho Preferente de Participación. El 18 de agosto de 2023, el foro recurrido emitió *Orden* a las partes para se reunieran y delimitaran las controversias y allí dispuso que una vez recibido el escrito el Tribunal celebraría una vista.[3] El 4 de octubre

---

[1] *Véase* Anejo 2 del *Certiorari*
[2] *Véase* Anejo 3 del *Certiorari*
[3] *Véase* Anejo 7 del *Certiorari*

de 2023, el recurrido presentó *Moción de Consignación en Cumplimiento de Sentencia* que incluyó su determinación del valor de las acciones y consignó la suma de $69,038 como saldo de las mismas. Posteriormente, el 5 de febrero de 2024, el recurrido presentó *Moción en Solicitud de Orden y en Cumplimiento de Orden* en la que incluyó el cálculo del valor de las Torres de Ponce & Yabucoa e incluyó unas cuentas a pagar, entre otras partidas.[4] En lo pertinente, el 22 de febrero de 2024, el Tribunal notificó *Orden* en la que instruyó a los peticionarios a cumplir con la Sentencia de 22 de junio de 2023, sobre la ejecución del derecho preferente de adquisición de las acciones de Horizon Tower, sin haber celebrado la vista evidenciaria para hacer una determinación del valor de dichas acciones.

En desacuerdo, el 27 de febrero de 2024, los peticionarios presentaron *Moción de Reconsideración y Solicitud de Vista Evidenciaria* ante el foro primario, en la que reiteraron la necesidad de celebrar una vista evidenciaria para que el tribunal pudiera establecer el valor en los libros de las acciones de Horizon Tower. Argumentaron que no se había establecido aún el valor de las acciones pues había varias disputas por lo que era necesario la celebración de una vista sobre estos extremos. El 29 de febrero de 2024, el recurrido presentó *Moción en Oposición a Reconsideración* en la que arguyó que el 5 de febrero de 2024 había presentado *Moción en Solicitud de Orden y en Cumplimiento de Orden* que incluyó el cálculo realizado por el Contador Público Autorizado (CPA) Gerard Gitters.

Mediante Resolución emitida y notificada el 7 de marzo de 2024, el foro primario declaró *No Ha Lugar* a la *Moción de Reconsideración*

---

[4] Véase Anejo 10 del *Certiorari*.

*y Solicitud de Vista Evidenciaria* presentada por los peticionarios sobre la *Orden post Sentencia* del 22 de febrero de 2024, que ordenó a los peticionarios cumplir con la Sentencia dictada el 22 de junio de 2023, sobre la ejecución del derecho preferente de adquisición de las acciones de Horizon Tower sin hacer una determinación del valor de dichas acciones.

Inconforme con el referido dictamen, los peticionarios acudieron ante nosotros mediante *Certiorari*.  Como único señalamiento de error, sostienen que incidió el foro primario al no concederles la oportunidad de presentar prueba para establecer el valor de las acciones en disputa. En esencia, los peticionarios argumentan que la Sentencia es insuficiente toda vez que no establece el valor en los libros de las acciones y que el foro primario ha violentado su derecho a establecer el valor de las acciones en un proceso justo en el que tengan derecho a ser oídos.  De igual forma, razonan que la determinación recurrida  está en conflicto con su *Orden* previa de 18 de agosto de 2023 en la que dicho foro  ordenó la celebración de una vista evidenciaria en caso de que las partes no llegaran a un acuerdo sobre el valor de las acciones.

Por su parte, el recurrido compareció ante nos mediante *Oposición a Expedición de Certiorari*.  En apretada síntesis, el recurrido sostiene que el dictamen recurrido es parte del manejo del caso por parte del foro primario, y que hay ausencia de error manifiesto o parcialidad, por lo que no procede nuestra intervención.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal

de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649 (2000)). A pesar de que la Regla 52.1, *supra*, no lo contempla, el certiorari también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia. Es en estos supuestos que la Regla 40 de nuestro Reglamento, *supra*, adquiere mayor relevancia pues, de ordinario, "no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada". Véase, *IG Builders et al. v. BBVAPR*,

185 DPR, 307, 339 (2012). Tratándose de la revisión de una determinación interlocutoria emitida post sentencia, el certiorari es el instrumento adecuado para la revisión de lo resuelto. *Negrón García v. Srio. de Justicia*, 154 DPR 79 (2001). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de certiorari. Entre estos si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40(G).

Según definido por el Tribunal Supremo, el fracaso irremediable de la justicia ocurre cuando la disposición afecta sustancialmente el resultado del pleito o tiene efectos limitativos para la defensa o reclamación de una parte, o conlleva cuestiones neurálgicas o de política pública que deban estar sujetas a revisión inmediata. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020). Por tanto, procede la revisión si se demuestra un abuso de discreción, que el foro primario actuó prejuiciado, que se equivocó en la interpretación o aplicación del derecho y que la intervención del tribunal revisor evitaría un perjuicio sustancial. *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012).

Mediante la *Resolución* recurrida se deniega la *Moción de Reconsideración y Solicitud de Vista Evidenciaria* presentada por los peticionarios sobre la *Orden post Sentencia* emitida el 22 de febrero de 2024, que a su vez ordenó a los peticionarios cumplir con la Sentencia dictada el 22 de junio de 2023, sobre la ejecución del derecho preferente de adquisición de las acciones de Horizon Tower, sin hacer una determinación del valor de dichas acciones. Al disponer como lo

hizo, el foro primario excedió el ámbito de su discreción para regular el manejo del caso ante su consideración, pues al privar a los peticionarios de su derecho a presentar prueba sobre el valor de las acciones de Horizon Tower sobre las que recae el derecho preferente de adquisición del recurrido, impidió darle concreción a la determinación judicial que se pretende ejecutar. En tal sentido, la disposición recurrida afecta sustancialmente el resultado del pleito, por lo que nuestra intervención evita un perjuicio sustancial y un fracaso de la justicia. Además, la determinación recurrida es contraria a la Orden previa emitida a las partes por el propio Tribunal, en la que dispuso expresamente que una vez se delimitaran las controversias el Tribunal celebraría una vista.

Por tanto, examinado el recurso de epígrafe y la posición de las partes con respecto al mismo, se expide el auto de *certiorari* solicitado, se revoca la *Resolución* emitida por el foro recurrido y se ordena al Tribunal de Primera Instancia celebrar una vista evidenciaria a los únicos fines de conceder a las partes la oportunidad de presentar prueba para establecer el valor de las acciones en disputa.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones